FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 30 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO DEMACIO,

    Petitioner,

v.

    Civ. No. 05-780 BB/RLP

ALLEN COOPER, et al.,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2241. Petitioner contests the loss of good time credits pursuant to a disciplinary proceeding. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (Section 2241 proceedings are used to attack the execution of a sentence, including loss of good time credits and other prison disciplinary matters.)

2.    Petitioner is currently being held at Cibola County Correctional Center ("Cibola") to serve his 40 month sentence for illegal re-entry after deportation. Cibola is under contract to the United States Bureau of Prisons ("BOP"). Petitioner was found with a contraband ham, charged with stealing, and incurred several penalties, including the loss of 27 days of good time credits.

3.    He argues in his petition that the Disciplinary Hearing Officer lacked authority to revoke his good time credits; that Cibola is not a federal prison within the meaning of 28

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



C.F.R. 500.1(d); and he was not afforded due process because he did not understand English and the proceedings were conducted in English.[2]

4.     Respondents list several arguments why the Petition should be denied, but the last ground asserted, that of Petitioner's failure to exhaust administrative remedies, is dispositive: federal prisoners must exhaust administrative remedies prior to seeking relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curium).

5.     The incident at issue occurred on July 12, 2004. See First attachment to Petition. In the papers submitted by Petitioner, he includes the form that indicates he has 20 days to file an appeal of the board's decision. See Second attachment to Petition, page 3 of 3. Petitioner did not file his appeal until May 23, 2005 10 months after the decision. See Fifth attachment to Petition. His appeal was denied for that reason. See Sixth attachment to Petition. Because of Petitioner's failure to exhaust administrative remedies, this court cannot grant relief under § 2241. Williams, supra.

## RECOMMENDED DISPOSITION

I recommend that the petition be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[2] The court notes that on the documents submitted by the Petitioner, one form lists him as being "English proficient." See Second Attachment to Petition, page 2 of 3. See also Respondent's Exhibits 8, 9, & 10 attached to Answer [Doc. 4].